UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Lindsey Johnson, | |
| Plaintiff, | **ANSWER** |
| v. | |
| Mayville State University, | **Case No. 3:24-cv-232** |
| Defendant. | |

Defendant Mayville State University ("Defendant") answers Plaintiff Lindsey Johnson's ("Plaintiff") allegations as to the claims alleged in the Complaint (ECF No. 1) as follows:

[¶1]    Except as specifically admitted or qualified, Defendant denies each and every allegation of Plaintiff's Complaint.

[¶2]    In regard to paragraphs 1 and 2, Defendant admits Plaintiff is bringing an action alleging violations under Title VII and the Equal Pay Act. Defendant denies the remainder of paragraphs 1 and 2.

[¶3]    Defendant denies paragraph 3.

[¶4]    With respect to paragraph 4, Defendant admits that Johnson raised what Johnson characterized as concerns regarding gender and pay discrimination. Defendant affirmatively alleges that these alleged concerns lacked merit.

[¶5]    Defendant denies paragraph 5.

[¶6]    Defendant admits paragraphs 6, 7, and 8.

[¶7]    With respect to paragraph 9, Defendant is without sufficient knowledge or information to admit or deny and therefore denies.

[¶8]    Paragraph 10 sets forth legal conclusions for which no response is required. To the extent a response is required, Defendant denies this Court has pendant jurisdiction.

[¶9]    Paragraph 11 sets forth legal conclusions for which no response is required. To the extent a response is required, Defendant admits venue and jurisdiction in this Court is otherwise proper.

[¶10]    With respect to paragraph 12, Defendant admits Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and the documents speak for themselves.

[¶11]    Defendant admits paragraph 13.

[¶12]    With respect to paragraph 14, Defendant admits it hired Plaintiff into the position of head volleyball coach and denies the remainder of paragraph 14.

[¶13]    With respect to paragraph 15, Defendant admits Plaintiff's contract renewals were for the position of head volleyball coach and included teaching duties. The remainder of paragraph 15 is vague and Defendant denies the remainder thereof.

[¶14]    Defendant admits paragraph 16.

[¶15]    Defendant denies paragraph 17.

[¶16]    With respect to paragraph 18, Defendant lacks sufficient knowledge or information and, therefore, denies paragraphs 18.

[¶17]    The allegations set forth in paragraph 19 are vague and argumentative and Defendant therefore denies paragraph 19.

[¶18]    With respect to paragraphs 20 and 21, the allegations set forth therein are vague and do not state or define what specific sports "teams" are being referred to, and therefore Defendant is without sufficient knowledge or information to admit or deny and therefore denies paragraphs 20 and 21.

[¶19]    With respect to paragraph 22, Defendant admits it hired William ("Billy") Tomblin into the position of head baseball coach in 2023. Defendant denies the remainder of paragraph 22.

[¶20]    With respect to paragraph 23, Defendant answers that the contract between Defendant and Billy Tomblin speaks for itself.

[¶21]    Defendant denies paragraph 24.

[¶22]    Defendant admits paragraph 25.

[¶23]    With respect to paragraphs 26, 27, and 28, Defendant is without sufficient knowledge or information to admit or deny and, therefore, denies paragraphs 26, 27, and 28.

[¶24]    With respect to paragraph 29, Defendant admits Plaintiff met with Vice President Amber Hill on or around May 9, 2023.

[¶25]    With respect to paragraph 30, the allegations contained therein are vague and therefore Defendant is without sufficient knowledge or information to admit or deny and, therefore, denies.

[¶26]    Defendant denies paragraphs 31, 32, and 33.

[¶27]    Defendant admits paragraph 34.

[¶28]    Defendant denies paragraphs 35, 36, and 37.

[¶29]    With respect to paragraph 38, Defendant is without sufficient knowledge or information to admit or deny and, therefore, denies paragraph 38.

[¶30]    Paragraphs 39 and 40 are vague and fail to identify specific or sufficient information for Defendant to form a reasonable basis to admit or deny and, therefore, Defendant denies paragraphs 39 and 40.

[¶31]    Regarding paragraph 41, Defendant admits Plaintiff was informed her contract would not be renewed on May 25, 2023. Defendant is without sufficient knowledge or information to admit or deny the remainder of paragraph 41 and, therefore, denies.

[¶32]    With respect to paragraph 42, Defendant denies Plaintiff was never informed of the behaviors that served as the basis for nonrenewal of her contract. Defendant admits that it did inform Plaintiff she could request her personnel file. Defendant denies the remainder of paragraph 42.

[¶33]    Defendant admits paragraph 43.

[¶34]    With respect to paragraphs 44 and 45, Defendant answers that paragraphs 44 and 45 are vague and fail to identify specific or sufficient information for Defendant to form a reasonable basis to admit or deny and, therefore, Defendant denies paragraphs 44 and 45.

[¶35]    Defendant denies paragraph 46.

[¶36]    With respect to paragraph 47, Defendant answers that the performance evaluation document speaks for itself and no further answer is needed. Defendant admits Plaintiff was informed of her contract nonrenewal on May 25, 2023.

[¶37]    Defendant admits paragraph 48.

[¶38]    Defendant denies paragraphs 49, 50, 51, and 52.

[¶39]   With respect to paragraphs 53 and 54, Defendant is without sufficient knowledge or information to admit or deny and, therefore, denies paragraphs 53 and 54.

[¶40]   Defendant denies paragraphs 55 and 56.

[¶41]   With respect to paragraph 57, Defendant answers that the performance evaluation speaks for itself and no further answer is needed.

[¶42]   Defendant denies paragraph 58.

[¶43]   Defendant admits paragraphs 59 and 60.

[¶44]   Defendant denies paragraphs 61, 62, 63, 64, 65, 66, 67, and 68.

## COUNT I
### Violation of Title VII
### Sex Discrimination and Retaliation

[¶45]   With regard to paragraph 69, Defendant re-alleges and incorporates by reference its response to paragraphs 1 through 68 as if set forth at length herein.

[¶46]   With regard to paragraph 70, Defendant is without sufficient knowledge or information to admit or deny and, therefore, denies paragraph 70.

[¶47]   Paragraphs 71 and 72 set forth legal conclusions for which no response is required. To the extent a response is required, Defendant denies paragraphs 71 and 72.

[¶48]   Defendant denies paragraphs 73, 74, 75, 76, 77, and 78, and specifically denies that Plaintiff is entitled to any relief whatsoever.

## COUNT II
### Violation of the Equal Pay Act ("EPA")
### Unequal Pay Based on Gender and Retaliation

[¶49]   With regard to paragraph 79, Defendant re-alleges and incorporates by reference its response to paragraphs 1 through 78 as if set forth at length herein

[¶50]   Paragraphs 80 and 81 set forth legal conclusions for which no response is required. To the extent a response is required, Defendant denies paragraphs 80 and 81.

[¶51]   Defendant denies paragraphs 82, 83, 84, 85, and 86, and specifically denies that Plaintiff is entitled to any relief whatsoever.

## Prayer for Relief

[¶52]    Plaintiff 's Prayer for Relief describes the relief sought and Defendant denies Plaintiff is entitled to the requested relief set forth therein. Defendant affirmatively denies Plaintiff is entitled to any relief including lost wages and benefits, liquidated damages, money damages, compensatory or punitive damages, pecuniary damages, attorney's fees, costs, pre-judgment interest, and equitable relief.

## Affirmative Defenses

[¶53]    Defendant affirmatively asserts that to the extent applicable, Plaintiff's claims are barred by Eleventh Amendment Immunity.

[¶54]    Defendant affirmatively asserts that the claims against it are barred by the doctrine of qualified, statutory, or official immunity.

[¶55]    Defendant affirmatively asserts the Complaint fails to allege any violation.

[¶56]    Defendant affirmatively asserts its actions were taken for legitimate, nondiscriminatory reasons.

[¶57]    Defendant affirmatively asserts Plaintiff has failed to meet all procedural and substantive prerequisites to bring this action.

[¶58]    Defendant affirmatively asserts the injuries or damages suffered or incurred by Plaintiff, if any, were not in the nature or to the extent alleged.

[¶59]    Defendant affirmatively asserts Plaintiff cannot establish a prima facie claim.

[¶60]    Defendant affirmatively asserts that even if Plaintiff could establish a prima facie claim, she cannot establish that the legitimate, non-discriminatory actions were a pretext for discrimination.

[¶61]    Defendant reserves all affirmative defenses and immunities as allowed and available under law, including those set forth in Rules 8, 9, and 12 of the Federal Rules of Civil Procedure.

**WHEREFORE**, Defendant respectfully requests that Plaintiff's Complaint be, in all things, dismissed with prejudice and Defendant be awarded costs, disbursements, attorney's fees, and any other relief the Court deems just and equitable.

Dated this 27th day of January, 2025.

State of North Dakota
Drew H. Wrigley
Attorney General

By:     /s/  Courtney R. Titus
Courtney R. Titus
Assistant Attorney General
State Bar ID No. 08810
Office of Attorney General
500 North 9th Street
Bismarck, ND 58501-4509
Telephone (701) 328-3640
Email ctitus@nd.gov

Attorneys for Mayville State University.